UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO MORAN,<br><br>                         Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>                         Defendant. | Case No.:  23cv845 JM (BLM)<br><br>**ORDER ON MOTION TO REMAND**<br><br>(Doc. No. 7) |

Presently before the court is Plaintiff Arturo Moran's Motion to Remand. (Doc. No. 7). Pursuant to Local Rule 7.1(d)(1), the court finds the matter presented appropriate for resolution without oral argument. Having considered the Parties' arguments, the evidence, and the law, the court rules as follows.

## BACKGROUND

The instant action arises from Plaintiff's purchase of an allegedly defective vehicle. Plaintiff alleges that on December 13, 2020, he purchased a 2018 Ford F-150 (hereinafter "subject vehicle") that was delivered with and developed "serious defects and nonconformities to warranty," including but not limited to "electrical and transmission system defects." (Doc. No. 1-3 at ¶¶ 8, 10). On February 21, 2023, Plaintiff filed suit against Defendant Ford Motor Company in San Diego Superior Court asserting

claims for breach of express and implied warranty and under Section 1793.2 of the Song-Beverly Act. *Id.* at ¶¶ 16–57. Defendant was served with Plaintiff's Complaint on February 24, 2023. (Doc. Nos. 1 at ¶ 6; 1-2 at ¶ 4). On May 8, 2023, over two months later, Defendant filed a Notice of Removal asserting it only learned the amount in controversy in this case met or exceeded the threshold for diversity jurisdiction on April 13, 2023, when it obtained the subject vehicle's Retail Installment Sales Contract. (Doc. No. 1 at ¶¶ 7, 11). Plaintiff now moves to remand this action, contending Defendant's Notice of Removal was untimely. (Doc. No. 7 at 3).

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court[.]" *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal of a state action may be based on either diversity or federal question jurisdiction. *Id.* ("Absent diversity of citizenship, federal-question jurisdiction is required.").

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA Ltd. Liab. Co.*, 707 F.3d 1136, 1139 (9th Cir. 2013). Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b)).

A removing defendant must comply with the mandatory time limits of 28 U.S.C. § 1446(b). *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1249 (9th Cir. 2006) ("A defendant has thirty days to remove a case on diversity or federal question grounds.");

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (holding that the statutory time limit for removal "is mandatory[.]"). While untimely removal is a procedural rather than jurisdictional defect, "a timely objection to a late petition will defeat removal[.]" *Fristoe*, 615 F.2d at 1212.

## ANALYSIS

Plaintiff objects to Defendant's removal as untimely because Defendant's Notice of Removal was allegedly filed after the thirty-day deadline prescribed in 28 U.S.C. § 1446. (Doc. No. 7). Specifically, Plaintiff contends Defendant should have filed its Notice of Removal within thirty-days of being served with Plaintiff's Complaint. *Id.* at 6–7. Defendant responds that Plaintiff's initial pleading was indeterminate as to the amount in controversy in this action and Defendant, therefore, properly removed this action within thirty-days of receiving a copy of the relevant Retail Installment Sales Contract—which revealed for the first time that the amount in controversy met, if not exceeded, the jurisdictional threshold. (Doc. No. 12 at 5–7).

The question before the court, then, is whether Defendant's thirty-day removal period was triggered by the service of Plaintiff's Complaint. If so, then Defendant's Notice of Removal was untimely.

Here, it is undisputed Plaintiff's Complaint does not specify how much he paid for the subject vehicle. Indeed, Plaintiff concedes his Complaint "does not allege a specific monetary relief figure[.]" (Doc. No. 7 at 8). Despite the absence of this information, Plaintiff argues Defendant had more than sufficient information at its disposal regarding the amount in controversy in light of: (1) Defendant's knowledge of the motor vehicle industry; (2) Defendant's ability to approximate the value of the subject vehicle based on the make, model, year, and VIN included in Plaintiff's Complaint; and (3) Defendant's "vast experience" defending against Song-Beverly actions for claims involving the same claims. *Id.* at 8.

Plaintiff's argument, however, misses the mark. The fact that Defendant *could* have made a further inquiry to estimate the subject vehicle's purchase price is insufficient

3

to trigger the thirty-day clock.  Under established Ninth Circuit precedent, the timeliness of a "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, *not through subjective knowledge or a duty to make further inquiry*."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added).  The Ninth Circuit has adopted this "objective baseline rule" in order to "avoid[] the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  *Id.* at 697.  Yet this is precisely the type of collateral litigation in which Plaintiff seeks to engage the court.

The Ninth Circuit's *Kuxhausen v. BMW Financial Services NA LLC* decision is instructive.  In *Kuxhausen*, plaintiff executed a lease agreement with BMW Financial Services for a luxury SUV, originally pleading a class of at least two hundred members who had leased vehicles from a particular BMW dealership.  707 F.3d at 1138.  BMW did not remove the case.  *Id.*  Plaintiff subsequently filed an amended complaint which expanded the class to all California consumers, regardless of dealership.  *Id.*  BMW subsequently removed the case to federal court under the Class Action Fairness Act.  *Id.* at 1139.  Plaintiff moved to remand the case back to state court, contending BMW's removal was untimely.  *Id.*  The district court granted Plaintiff's remand motion.  *Id.*

The Ninth Circuit reversed, rejecting the district court's conclusion that plaintiff's initial complaint triggered the thirty-day period to remove. *Id.* at 1140–41.  Of relevance here, the Ninth Circuit rejected plaintiff's argument BMW could have consulted its business records to identify a representative valuation of the other class members' vehicle financial contracts, concluding that "BMW was not obligated to supply information which [plaintiff] omitted."  *Id.* at 1440.  The Ninth Circuit further rejected the district court's reasoning that if the average value of a class member's agreement was only $25,000—the amount in controversy would be met. *Id.* at 1141.

///

///

As the Ninth Circuit reasoned:

> [W]e don't charge defendants with notice of removability *until they've received a paper that gives them enough information to remove*. This principle helps avoid a "Catch—22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings.

*Id.* (citations omitted) (emphasis added).

Similarly, here, while Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was "under no obligation to do so." *Tirado-Lizarraga v. Ford Motor Co.*, No. 23-cv-01411-RS, 2023 U.S. Dist. LEXIS 98678, at *5 (N.D. Cal. June 6, 2023). "The fact that it would have been *plausible* for [Defendant] to assume the purchase price was at least $25,000 and/or that attorney fees and other claims would take the amount in controversy past the jurisdictional threshold, is insufficient under *Kuxhausen*." *Id.* at *7; *see also Garcia v. GM LLC*, No. 8:18-cv-01893-JLS-KES, 2019 U.S. Dist. LEXIS 8678, at *8 (C.D. Cal. Jan. 17, 2019) (holding that defendant was under no obligation to review records reflecting the sales price of a vehicle to ascertain jurisdictional evidence).

Plaintiff's argument the amount in controversy was also clearly evident given that his Complaint was originally brought under the state court's unlimited jurisdiction—indicating Plaintiff was seeking damages above $25,000—is also unpersuasive. As Defendant accurately notes, there is quite a wide range between $25,000 and $75,000. The mere fact that Plaintiff originally brought this case under the state court's unlimited jurisdiction did not conclusively establish Plaintiff was seeking damages meeting the jurisdictional threshold. *Stusa Holdings v. Ford Motor Co.*, No. 5:21-cv-02172-SVW-SHK, 2022 U.S. Dist. LEXIS 31254, at *3–4 (C.D. Cal. Feb. 22, 2022) (rejecting argument case caption page indicating damages exceeded $25,000 was sufficient to establish that damages exceeded $75,000).

///

  Notably, Plaintiff in this case would have had equal (if not better) access to information on the sales price of the vehicle he himself purchased.  Despite Plaintiff's access to this information, Plaintiff decided not to specifically plead the purchase price of his vehicle or to furnish Defendant with any document indicating the purchase price.  Plaintiff cannot avoid the consequences of his own decisions.  *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("[I]f plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained.  Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.") (internal citation omitted).

  For these reasons, the court finds the time to remove did not begin to run upon the service of Plaintiff's Complaint.  Instead, based on the current record, Defendant's time to remove was triggered by Defendant's receipt of the subject vehicle's Retail Installment Sales Contract on April 13, 2023.  Defendant's Notice of Removal, filed May 8, 2023, is therefore timely and Plaintiff's Motion to Remand on this procedural ground is **DENIED.**

  **IT IS SO ORDERED.**

DATED: July 13, 2023

                                _____
                                 JEFFREY T. MILLER
                                 United States District Judge